UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KELBY GERMAINE PARSON,

Petitioner,

v. Case No.: 5:22-cv-332-SPC-PRL

WARDEN, FCC COLEMAN - LOW,

Respondent.

_______________________________/

**OPINION AND ORDER**[1]

Before the Court is Kelby Germain Parson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Parson is serving a federal prison sentence following a 2013 guilty plea in the West Palm Beach Division of the Southern District of Florida for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence. Parson argues a recent change in case law renders his sentence unlawful. This is the proper venue for a § 2241 petition because Parson is incarcerated in a county this Court serves. But Parson cannot proceed under § 2241 because 28 U.S.C. § 2255 provides the exclusive remedy for his claim.

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

A federal prisoner may challenge the validity of his sentence by filing a motion under § 2255. He may not file a habeas petition under § 2241 "unless it…appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). So § 2241 is available to a federal prisoner challenging the execution—as opposed to the legality—of his sentence, or if the sentencing court is unavailable or dissolved. *Amodeo v. FCC Coleman – Low Warden*, 984 F.3d 992, 999 (11th Cir. 2021). But a federal prisoner "cannot avoid the procedural restrictions on § 2255 motions by changing the caption on [his] petition to § 2241[.]" *Fleming v. Warden of FCI Tallahassee*, 631 F. App'x 840, 844 (11th Cir. 2015).

Parson's single argument falls within the scope of § 2255 because it challenges the legality of his sentence. He may not proceed under § 2241, even if a § 2255 motion is untimely or procedurally barred. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017). "A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." *Amodeo*, 984 F.3d at 998.

Parson cites two cases from other circuits to support the proposition that § 2255 is inadequate or ineffective here—*In re Jones*, 226 F.3d 328 (4th Cir. 2000) and *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). But

those cases do not reflect the precedent that binds this Court. In *McCarthan*, the Eleventh Circuit rejected the Fourth and Fifth Circuits' reasoning and held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention,' 28 U.S.C. § 2255(e)." 853 F.3d at 1080.

To assert his claim, Parson must seek the Eleventh Circuit's permission to file a second § 2255 motion in the court that sentenced him.

Accordingly, it is now

**ORDERED:**

Kelby Germain Parson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to terminate any pending motions or deadlines, enter judgment for Respondent and against Petitioner, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 24, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record